E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
National Cryptocurrency Enforcement Team
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2429/1785
        Facsimile: (213) 894-0141
        E-mail:    nisha.chandran@usdoj.gov
                   maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

                 v.

DAREN LI,
      aka "Devon,"
      aka "KG-PERFECT,"
      aka "RF," and
YICHENG ZHANG,
      aka "Eason,"

            Defendants.

CR 2:24-00311-SVW

GOVERNMENT'S SUPPLEMENTAL NOTICE
OF RELATED CASE AND MOTION FOR
RECONSIDERATION OF ORDER RE
TRANSFER

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Nisha Chandran and
Maxwell Coll, hereby files this Supplemental Notice of Related Case
and Motion for Reconsideration of the Order Re Transfer (CR-24-311,
Dkt. 33).

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 23, 2024                   Respectfully submitted,

                                      E. MARTIN ESTRADA
                                      United States Attorney

                                      CAMERON L. SCHROEDER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                      _____/s/_____
                                      NISHA CHANDRAN
                                      MAXWELL COLL
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.    INTRODUCTION

3       On May 15, 2024, a grand jury returned an indictment in the

4  above-captioned case charging defendants Daren Li ("LI") and Yicheng

5  Zhang ("Y. ZHANG") with conspiracy to commit money laundering and

6  international money laundering.  Contemporaneous with the indictment,

7  the government filed a Notice of Related Case (CR-24-311, Dkt. 20)

8  informing the Court that this case arises out of the same conspiracy,

9  common scheme, transaction, and series of transactions or events as

10 the conspiracy charged in <u>United States v. Lu Zhang, et al.</u>, 2:23-CR-

11 596-RGK (the "Related Case").  On May 22, 2024, the Court declined

12 transfer of this case, explaining that it was "unable to discern

13 whether the cases involve the . . . same transactions, occurrences,

14 or events, and involve the same alleged conspiracies."  (CR-24-311,

15 Dkt. 33.)

16      As described in the indictments in this case and the Related

17 Case, the complaint and search warrant in this case, and further

18 herein, the money-laundering conspiracies charged in both cases

19 involve the same scheme:  both cases have identical co-conspirators,

20 victims, bank accounts, and international financial institutions.

21 Indeed, the defendants in this case directed the defendants charged

22 in the Related Case--"Co-Conspirator 1" named in this indictment is

23 lead defendant Lu Zhang in the Related Case.  The government

24 respectfully requests that pursuant to Local Rule 7-4, the Court

25 grant this Motion and order the transfer of the above-captioned case.

26

27

28

1

## II.  ARGUMENT

### A.  The Local Rules

Local Rule 7-4 directs the parties to file a Notice of Related Case when:

> a criminal case previously filed and one or more informations or indictments later filed:
>> (a) arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or
>> (b) involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

Here, the government provided notice that the cases arise out of the same conspiracy, common scheme, transaction, series of transactions or events.  Discussed further below, the indictments in both cases describe the same fraud scheme and allege transactions to the same international bank accounts.

### B.  Same Conspiracy and Common Scheme

On the face of the indictments, the cases arise out of the same fraud conspiracy, the same cryptocurrency-investment scheme, and the same transactions or series of transactions.

As to the scheme, the Manner and Means allegations of both indictments are nearly identical.  Compare (CR-23-596, Dkt. 1 at 5-8) with (CR-24-311, Dkt. 14 at 6-9).  Both cases involve the same unindicted co-conspirators who promoted fraudulent cryptocurrency investments to steal victim funds.  The victims in both cases that were targeted by those scammers overlap.  And the victim funds referred to in the Related Case indictment flowed to Bahamas Account #1 and Bahamas Account #2 in this case.  The "overall fraud scheme" referenced in the Related Case

indictment (CR-23-596, Dkt. 1 at 8) is the same "fraud scheme" discussed in this case (CR-24-569, Dkt. 14 at 8.)

As to the conspiracy, the defendants charged in this case were leaders of in the same scheme charged in the Related Case. As alleged in this case, "Defendants LI and [Y.] ZHANG would *instruct* co-conspirators . . . to open bank accounts in the names of various shell companies." (CR-24-311, Dkt. 14 at 7 (emphasis added).) As alleged in the Related Case, defendant ZHU and other co-conspirators "*opened bank accounts* in the names of various shell companies." (CR-23-596, Dt. 1 at 6 (emphasis added).)

This case also specifically alleges that Defendants LI and Y. ZHANG directed Co-Conspirator 1, including by providing Co-Conspirator 1 with wiring instructions for a Bahamas Bank Account, by sending her a list of shell companies that sent victim proceeds to Bahamas Accounts #1 and #2, and by instructing her to make a videorecording and a phone call at a bank where victim proceeds were frozen. (CR-24-311, Dkt. 14 at 10-12.)[1]  In the Related Case, the defendants in fact wired money to the same referenced Bahamas Account (discussed below), used shell companies that sent victim proceeds to the Bahamas, and made calls and videos at banks where victim funds had been frozen. (CR-23-596, Dkt. 1 at 6-9.)  The defendants in this case and the Related case are part of the same conspiracy.

---

[1] See also CR-24-311, Dkt. 1 at 16-22 (complaint for LI discussing LI's direction of Lu Zhang); MJ-24-02865 (search warrant for Y. ZHANG discussing Y. ZHANG's direction of Lu Zhang).  As discussed, Lu Zhang is the lead defendant in the Related Case.

The indictments describe the same scheme and conspiracy to launder funds through U.S. bank accounts to the same Bahamas financial institution.  The defendants in this case were leaders of the lower-level individuals in the Related Case, and were necessarily part of the same conspiracy.

### C.    Same Series of Transactions

In addition to same conspiracy and common scheme, this case and the Related Case involve the same series of financial transactions. This indictment describes financial transactions from U.S. shell companies to accounts at Deltec Bank in The Bahamas, referred to in this indictment as "Bahamas Account #1" and "Bahamas Account #2." (See, e.g., CR-24-311, Dkt. 14 at 8.)  As alleged in this indictment, "Defendants LI and ZHANG, and other co-conspirators, would monitor the receipt and execution of interstate and international wire transfers of victim funds, including to Bahamas Account #1 and Bahamas Account #2." (Id.)  And defendant LI transferred cryptocurrency to facilitate the operation of Bahamas Account #2 (id. at 9) and continued to participate in the direction of funds in Bahamas Account #2 (id. at 10).

The indictment in the Related Case describes the exact same accounts at Deltec Bank.  (See, e.g., CR-23-596, Dkt. 1 at 9.)  As alleged in the Related Case indictment, "On October 20, 2022, defendants ZHU and WONG . . . executed a wire transfer of $225,000 . . . with wire instructions directing that the money ultimately be transmitted to a **bank account with Deltec Bank**." (Id. (emphasis added); see also id. at 10 (describing another transfer to a "bank account with Deltec Bank").)  Bahamas Account #2 in this case is the same "bank account with Deltec Bank" referenced in the Related Case.

4

The transactions in the schemes in both cases are overlapping.

**III.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this Motion and order the transfer of the above-captioned case.